FREDERICK H. FOOTE et al., as Executors of WALLACE
T. FOOTE, JR., Deceased, Respondents, *v.* FLORENCE
W. PEASLEE et al., Appellants.

*Will — construction — when fund set apart by testator to provide annuity
for wife passes under residuary clause of his will.*

Foote v. Peaslee, 206 App. Div. 329, affirmed.
(Argued January 14, 1924; decided February 19, 1924.)

APPEAL from a judgment of the Appellate Division
of the Supreme Court in the third judicial department,
entered October 9, 1923, upon the submission, under
section 546 of the Civil Practice Act, of a controversy
as to the persons entitled to share in a fund set aside by
the testator, Jonathan G. Witherbee, to provide an annuity
for his wife during her life. The Appellate Division
held that under the will of Jonathan G. Witherbee, the
rest, residue and remainder of his estate, including the
$200,000 for the annuity, vested at the time of his death
in the parties named as residuary legatees surviving him
and should be distributed to them or to those to whom
it has passed from them.

*Henry W. Taft* and *Thomas B. Gilchrist* for Florence
W. Peaslee, appellant.

*Charles D. Miller* for Evelyn W. Miller, appellant.

*Lewis E. Carr* and *Charles S. Foote* for respondents.

Judgment affirmed, without costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, CRANE,
ANDREWS and LEHMAN, JJ. Not sitting: MCLAUGHLIN, J.

---

LUELLA G. TUELL, as Administratrix of the Estate of
WILLIAM M. TUELL, Deceased, Appellant, *v.* LEHIGH
VALLEY RAILROAD COMPANY, Respondent.

*Negligence — master and servant — railroads — action to recover for
death of engineer killed in collision.*

Tuell v. Lehigh Valley R. R. Co., 207 App. Div. 837, affirmed.
(Argued January 14, 1924; decided February 19, 1924.)

APPEAL from a judgment of the Appellate Division
of the Supreme Court in the fourth judicial department,

entered October 5, 1923, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term in an action to recover for the death of plaintiff's intestate alleged to have been occasioned through the negligence of defendant. Decedent, an engineer upon one of defendant's locomotives hauling a freight train was killed in a collision with another freight train which occurred in the Auburn yard of the defendant.

*William E. Fitzsimmons* and *A. M. Sperry* for appellant. *H. D. Noble, Jr.*, for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

THE CITY OF NEW YORK, Appellant, *v.* THE CITIZENS WATER SUPPLY COMPANY OF NEWTOWN, Respondent.

*New York city — streets — water works — action to compel removal from streets of water mains of private water supply company.*

*City of New York* v. *Citizens Water Supply Co. of Newtown*, 204 App. Div. 783, affirmed.

(Argued January 15, 1924; decided February 19, 1924.)

APPEAL from a judgment, entered May 9, 1923, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and directing a dismissal of the complaint. This action was in equity to settle the question of absence of franchise right in the defendant to use certain designated streets and highways in wards 3 and 4 of the borough of Queens, city of New York, for its mains and pipes; to settle the legality of such use; to enjoin the defendant from using and occupying said streets and highways; to have said mains and pipes declared the property of the city of New York, and also to command the defendant to remove said mains and pipes from the streets and avenues aforesaid, unless it obtains a legal franchise to so use said streets and mains.